## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:  Heritage Valley Health* | ) | |
| *System, Inc., data security cases.* | ) | 2:23-cv-01212-CB (Lead Case) |
| | ) | |
| | ) | Chief Judge Cathy Bissoon |
| | ) | |

## <u>ORDER</u>

Defendant's Motion to Dismiss (Doc. 47) will be denied.

The threshold issues now presented relate to standing.  Since the briefing closed, the Court of Appeals for the Third Circuit handed down another case that is helpful for those purposes.  In *In re* BPS Direct, LLC; Cabela's, LLC Wiretapping Litig., the court held that customers whose credit card information was gathered had standing under the intrusion-upon-seclusion theory.  *Id.*, 175 F.4th 423, 433-34 (3d Cir. 2026).

In reaching this conclusion, the court cited with favor the D.C. Circuit Court's decision in Pileggi v. Washington Newspaper Publ'g Co., LLC, 146 F.4th 1219, 1227-31 (DC. Cir. 2025), which – in turn – recognized that "[a]n individual's choices about media consumption can communicate sensitive and historically private interests." *Id.* at 1228.  Given the nature of the information at stake, the <u>Pileggi</u> Court had no problem concluding that there was standing under both the intrusion-upon-seclusion *and* the public-disclosure-of-private-facts theories.  *See id.* at 1228-31.

Collectively, the decisions reveal a continuum of privacy concerns.  On one end is the mere searching of benign products, like outdoor gear, where the intrusion is as banal as watching a customer browse the aisles of a brick and mortar store.  On the other end is the surreptitious

recording (and potential dissemination) of customers' private financial information, in the form of credit card details.

Decisions in this area have viewed putative/actual patients' investigations into the diagnosis and treatment of medical conditions as falling somewhere in-between—but definitely more towards the financial information in BPS Direct.  *See generally, e.g.,* Pileggi at 1228 ("sensitive and historically private interests" include "medical concerns"); BPS Direct, 175 F.4th at 428 (the types of "highly sensitive personal information" supporting standing include "a medical diagnosis"); Adair v. Cigna Corp. Servs., LLC, 818 F. Supp.3d 641, 661-62 (E.D. Pa. 2026) ("courts in this District have widely noted that the interception of health information would give rise to standing") (collecting cases).  At this stage in the proceedings, Plaintiffs enjoy the benefit of doubt.

Defendant next challenges the wiretap claims, arguing that Plaintiffs have failed to allege the "unlawful interception" of protected "contents."  Doc. 48 at 10-16.  Plaintiffs have effectively rebuffed those arguments, through the citation of persuasive authority convincing the undersigned that dismissal, under the relatively lenient standards in Rule 12(b), is unwarranted. The Court also notes that the defendants in BPS Direct made similar arguments, and – in remanding the claims of the "credit card" plaintiffs – the Circuit Court raised no suspicions regarding the viability of the wiretap claims.  Its silence cannot be overread, however, and the present ruling is based on the positions advanced in Plaintiffs' opposition brief, at pages 10 through 16. Doc. 49.

Plaintiffs' state law claims for intrusion upon seclusion, and public disclosure of private facts, survive under the same reasoning regarding standing, above.  Their claims for breach of implied contract, unjust enrichment, negligence and breach of fiduciary duty may proceed,

2

for the reasons argued in Plaintiffs' opposition brief. Doc. 49 at 18-25. The denial is without prejudice to a renewal of the arguments on summary judgment, as appropriate.

Consistent with the above, Defendant's Motion to Dismiss (**Doc. 47**) is **DENIED**, and its deadline to answer is **July 13, 2026**. Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.


June 29, 2026                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 Chief United States District Judge


cc (via ECF email notification):

All Counsel of Record