**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**AT PITTSBURGH**

| | |
|---|---|
| IN RE: HERITAGE VALLEY HEALTH SYSTEM, INC. | Lead Case No. 2:23-cv-01212-CB<br><br>Chief District Judge Cathy Bissoon |

# STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendant Heritage Valley Health System, Inc. (collectively, "the Parties" and each individually a "Party") agree that the proceedings in the above-referenced matter may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, protected health information, documents and other materials;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("Order"); and

WHEREAS, the Parties agree that the confidential nature of certain information, particularly personally identifiable information and protected health information, establishes good cause for the issuance of this Stipulated Protective Order.

THEREFORE, the Parties seek entry of an Order, governing the disclosure of documents and information therein designated as "Confidential" or "Highly Confidential" on the terms set forth herein, as well as an Order, governing the return of privileged information, documents, and data and affording the Parties certain protections on the terms set forth herein.

Accordingly, it is ORDERED:

1. The below terms, as used herein, shall be defined as follows:

a. "Action" shall refer to the above-titled action.

b. "Confidential Information" shall mean information that a Designating Party identifies as "Confidential." Only information meeting the following criteria may be designated as "Confidential" (unless the Parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) contains sensitive Personally Identifiable Information or protected health information, the disclosure of which may have the effect of causing harm to any Party or person from whom the information was obtained, or to the Parties' or third parties' legitimate privacy interests; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

c. "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential" or "Highly Confidential."

d. "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

e. "Highly Confidential Information" shall mean information that a Designating Party identifies as "Highly Confidential." Only information meeting the following criteria may be designated as "Highly Confidential" (unless the Parties expressly agree otherwise): (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses,

network security details and diagrams, system and IT architecture, source code, design, structure, or other technical specifications or comparisons of competitor products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor products and strategic product planning, or (5) any other information the disclosure of which the Producing Party reasonably and in good faith believes would likely cause harm.

f. "Personally Identifiable Information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

g. "Privileged Information" means material protected by the attorney-client privilege or the attorney work product doctrine, or otherwise privileged or protected under applicable law.

h. "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103.

i. "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

j. "Protected Material" shall refer to any information designated as "Confidential" or "Highly Confidential" pursuant to this Order.

k. "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

2. "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

3. The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

4. Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of same. Designations shall be made in the following manner:

a. Protected Material produced in documents shall be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name or as specified in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b. Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to Counsel within ten (10) days of receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified. All transcripts of any testimony in this Action shall be designated as “HIGHLY CONFIDENTIAL” until ten (10) days have passed following the receipt of the transcript, or the Parties agree to a different designation.

c. Protected Material disclosed in any form other than a document or testimony must be designated “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL,” as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

d. Absent a showing of prejudice, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party’s right to secure protection under this Order for such material and the Designating Party may promptly cure such omission upon written notice. If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, the Designating Party shall make all reasonable efforts to promptly correct the designation and identify the specific information, documents, or data, or portions thereof, to be designated as Protected Material and the level of protection to be accorded. Upon notification, the Receiving Party shall make all reasonable efforts to treat the newly designated material in accordance with the provisions of this Order from that point forward. No Party shall be found to have violated

this Order for failing to maintain the confidentiality of material during a time when that material was not designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential. Designation by either Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that such information or documents are or are not confidential or trade secrets.

5. If the Receiving Party wants to challenge either the designation of information, documents, or data as Protected Material, it must first notify the Designating Party in writing of both the specific Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material. The Receiving Party may then seek relief from this Court,* though the burden of proving confidentiality of designated information remains with the Party asserting such confidentiality (i.e., the Designating Party). The Receiving Party may not rely solely on the fact or circumstances of the Designating Party's inadvertent failure to designate the material as a basis for asserting that the material does not qualify as Protected Material. While any dispute over classification is ongoing, the information, document, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

6. The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action.

* Any requests for judicial intervention under this Order also are governed by § III.B.3 of Judge Bissoon's Ps & Ps, requiring telephonic conference before proceeding to motions practice.

7. The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

a. Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

i. the Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii. the Parties themselves, including officers, directors, and employees (including In-House Counsel) of a Party who have a reason to know the information, so long as each such employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv. the Court and its personnel, including any agreed-upon or designated mediators, court reporters, and their staffs;

v. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

vii. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action, all of whom shall be subject to the provisions of this Order;

viii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew the Protected Material;

ix. witnesses providing testimony in a deposition, hearing, trial, or other proceeding where a Party deems it reasonably necessary for the witness to review the Protected Material in preparation for, or to provide testimony regarding, the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

x. such other persons as the Parties mutually agree may be shown the Protected Material. All such persons shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

xi. As to any Personally Identifiable Information of Plaintiffs that is produced to Defendant by Plaintiffs in this Action, the parties shall meet and confer prior to any disclosure of such Personally Identifiable Information to a third party from which discovery is sought by Defendant under the applicable discovery rules. Any such third party shall be provided with a copy of this Protective Order and

advised that the information is designated as CONFIDENTIAL and is subject to the terms of this Order.

b. All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited. Unless otherwise ordered by the Court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

i. the Outside Counsel of Record in this Action, and In-House Counsel, as well as employees of said Outside Counsel of Record and In-House Counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii. the Court and its personnel, including any agreed-upon or designated mediators, court reporters, and their staffs;

iv. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

v. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

vi. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action, all of whom shall be subject to the provisions of this Order; and

vii. the author or recipient of a document containing Protected Material.

8. If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10. If any Protected Material (or any pleading, motion, or memorandum disclosing Protected Material) is proposed to be filed or is filed with the Court, the filing Party shall follow this Court's procedures to redact or file documents under seal. *

11. Any privileged information, confidential information, or protected information of third parties that is contained within information, documents, or data being disclosed in this Action shall be redacted to the extent practicable or as subject to the provisions concerning redactions in any Stipulated Protocol on the Discovery of Electronically Stored Information that the Parties may enter into in this Action.

12. With regard to the disclosure of privileged material pursuant to Federal Rule of Evidence 502, those provisions are outlined in the Stipulated Protocol on the Discovery of Electronically Stored Information that the Parties intend to enter into in this Action.

13. Neither Party shall file in the public record, or otherwise publicly disclose, the identity of Plaintiff Jane Doe absent agreement of the Parties or further Order of this Court.

14. Authenticity of Protected Material. By designating Protected Material as Confidential or Highly Confidential, the Producing Party agrees that the Protected Material is authentic under Fed. R. Evid. 901–903 and admissible under the business records exception pursuant to Fed. R. Evid. 803(6). This provision does not impact any other argument(s) any Party may have as to the admissibility of the Protected Material.

*Any requests for sealing contemplated in this Order also shall comply with this Court's ECF Ps & Ps regarding the same.

15. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

16. Within thirty (30) days of the termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, counsel for the Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. The Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by any other Party hereunder, and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

17. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

18. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the Parties is entitled

to protection under the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

*[Counsel and judicial signatures to follow.]*

IT IS SO STIPULATED, through Counsel of Record on this 5th day of November, 2026.

By: */s/ Gary F. Lynch*
Gary F. Lynch (PA 56887)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue - 5th Floor
Pittsburgh, PA 15222
[t] 412-322-9243
gary@lcllp.com

Raina C. Borrelli (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

*Counsel for Plaintiffs and the Putative Class*

By: */s/ Edward J. McAndrew*
Edward J. McAndrew
**BAKER & HOSTETLER LLP**
1735 Market Street - Suite 3300
Philadelphia, PA 19103
[t] 202-664-2939
emcandrew@bakerlaw.com

*Counsel for Defendant*
*Heritage Valley Health System, Inc.*

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Date: November 10, 2026

s/Cathy Bissoon
Honorable Chief District Judge Cathy Bissoon

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**AT PITTSBURGH**

| | |
|---|---|
| IN RE: HERITAGE VALLEY HEALTH SYSTEM, INC. | Lead Case No. 2:23-cv-01212-CB<br><br>Chief District Judge Cathy Bissoon |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order, dated ________________, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Protected Material in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any other person or firm.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of Court.

Name: ______________________________________________________________

Job Title: ____________________________________________________________

Employer:_____________________________________________________________

Date:___________________________ ________________________________
Signature